Dennis v. The Louisville, New Albany and Chicago Railway Company.

No. 13,415.

## DENNIS v. THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

RAILROAD.—Animals.—Escape from Enclosure.—Contributory Negligence.—In an action by a land-owner against a railroad company for the value of a horse which escaped from his enclosure and was killed by the defendant's train, the plaintiff is not guilty of contributory negligence if his fences were ordinarily and reasonably secure.

SAME.—No Presumption that Animal will Leave Track.—There is no presumption that a horse or other animal will step from the railroad track in time to avoid injury.

SAME.—Trespassing Animal.—Failure of Engineer to See.—Where an animal enters upon a railroad track at a point where the road is securely fenced, and is killed by a passing train, the railroad company, if liable at all, is not liable in the absence of proof that the engineer or fireman saw the animal.

SAME.—Failure to Heed Signs and Gestures.—Negligence.—Where there is no proof that the engineer saw the animal upon the track, it can not be said as matter of law that he was guilty of negligence because he failed to heed gestures and motions made by men along the way.

From the Jackson Circuit Court.

*S. B. Voyles* and *H. Morris*, for appellant.

*D. M. Alspaugh* and *J. C. Lawler*, for appellee.

ELLIOTT, J.—The appellant owned a mare which he kept in a securely fenced field adjoining the track of the appellee. The mare escaped from the field and entered upon the appellees's track at a point where it was securely fenced. The appellant endeavored without success to catch her, and she was struck and killed by one of the appellee's trains. The mare ran in front of the approaching train and was overtaken by it in a cattle-guard. The engineer and fireman of the appellee " might have seen the mare from the engine at the distance of one quarter of a mile before the engine struck the mare, and when the train first came to a point where the mare could be seen by the engineer, it was running at the rate of

thirty-five or forty miles an hour." Signs and motions were made to the engineer and fireman by men in pursuit of the mare, which were seen by the fireman, but no attention was paid to them, nor was the bell rung or whistle sounded. About two hundred yards from the cattle-guard the engineer shut off the steam and applied the brakes, checked the speed of the train, and brought it to a full stop after part of the train had passed the cattle-guard. The engineer might, by the exercise of ordinary prudence and care, have seen the mare and stopped the train in time to prevent the accident, but he did not wilfully run upon the mare.

The case comes before us upon a special finding, and from that finding we have extracted the material facts. It is now a firmly settled rule of practice, that if a finding is silent upon a material point, on that point it is against the party who has the burden. As the appellant had the burden, silence upon a material point is consequently fatal to him.

We agree with counsel that the finding shows that there was no contributory negligence. A man who places a horse in an enclosure securely fenced, is not to be charged with contributory negligence because the horse leaps the fence and escapes, unless it appears that the horse was one that ordinary fences would not confine. A land-owner is not guilty of contributory negligence if he maintains fences that are ordinarily and reasonably secure. Certainly, a railroad company is not bound to make a fence that will keep every animal from its track, and what is not required of the railroad company can not, in justice, be required of the land-owner. *Toledo, etc., R. W. Co.* v. *Milligan*, 52 Ind. 505.

We do not concur with appellee's counsel that the same rule applies to animals seen upon the track that governs where adult persons are seen upon it by the engineer. There can be no presumption that a horse or a cow will step from the track in time to avoid injury. For this reason the rule declared in *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398, and similar cases, does not apply to such a case as this. We can

not, therefore, yield to the contention of appellee's counsel upon this point.

We are, however, of the opinion that the judgment of the trial court must be sustained, for on one material point, at least, the finding is silent. The finding does not show that the mare was seen by the engineer or fireman. It is to be remembered that the train was rightfully moving along the track of which the appellee was the exclusive owner, that it was fenced as the law requires, and that the mare was wrongfully on it. The employees of the appellee were not under a duty to an owner to see animals wandering on a track securely protected, and here we are concerned only with their duty to the owners of wandering animals. Whether the appellee would have been liable had the engineer or fireman seen the mare and taken no measures to stop the train or frighten her from the track, we need not decide, for it does not appear that they saw the animal. We do not believe that where an animal wrongfully on the track is not seen, a railway company is liable, although one of its engines strikes and kills it. This is so, for the reason that the company owes no such duty to the owner of domestic animals, and where there is no duty there can be no negligence.

We can not say, as matter of law, that because gestures and motions made by men along the track were unheeded there was negligence. If this fact had been supplemented by a finding that the animal was seen on the track, then it may be that a different rule should be applied. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250. But where nothing is seen on the track, engineers are not necessarily guilty of negligence in such a case as this for not attending to gestures made by persons near the track, unless the gestures are clearly such as to give fair and full warning that injury will result if the train is not halted. To hold otherwise would place engineers in a position that would greatly and unjustly embarrass them in the performance of their duties, and subject them to unjust annoyance. In this case the meaning and

character of the signs and gestures are not stated, and it is very clear that, whatever may be the rule in other cases, there is no ground for holding that the failure to heed signs and gestures constituted actionable negligence.

