Filed May 6, 1896.

---

No. 782.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY CO. v. OUSLER.

SPECIAL VERDICT. — *Railroad.* — *Negligence.* — *Signals.* — *Value of Horse Killed at Crossing.*—In an action against a railroad company for the value of a horse killed at a railroad and highway crossing, by reason of the company's failure to give signals, which had escaped from plaintiff's enclosure, without his fault, the special verdict, which fails to find that the death of the horse was the result of defendant's negligent omission to give the proper signals, is not sufficient to support a recovery.

From the Monroe Circuit Court.

*E. C. Field* and *W. S. Kinnan*, for appellant.

*J. H. Louden* and *W. P. Rogers*, for appellee.

GAVIN, J.—The appellee sued to recover the value of a horse, which had escaped from his field, without his fault, and was killed by appellant's negligence at the crossing of a highway and the railroad. There was a special verdict, upon which judgment was rendered in favor of appellee, appellant's motion for judgment being overruled with an exception.

Appellant contends, with great vigor, that the animal, on its track at the crossing unattended, was a trespasser, and that for that reason no duty was owing to it from the company, save not to willfully injure it. Our cases adjudicate this question against appellant.

It has been determined by this court, after careful and full consideration, that a railroad company is bound to exercise ordinary care to prevent injury to an animal upon a highway crossing without the owner's fault, even though it be unattended, and that such animal is not a trespasser upon the track of the railroad company, at a point where it has itself but a mere right-of-way, not exclusive, but enjoyed in common with the general public. *Chicago, etc., R. W. Co.* v. *Fenn*, 3 Ind. App. 250; *Chicago, etc., R. W. Co.* v. *Nash*, 1 Ind. App. 298. To the doctrine announced by those cases, we still adhere.

A special verdict should, of course, set forth the facts showing the care exercised by the owner and his agents in charge, with such fullness as to enable the court to determine whether or not he was in fault.

One objection urged by appellants, against this special verdict, is, that it is not found that the accident to the horse was in any degree caused by the negligent act of the appellant. If this be true, the ap-

pellee must necessarily fail, because negligence, to be actionable, must be shown to have been the proximate cause of the injury. *Harris* v. *Board, etc.*, 121 Ind. 299; *Board, etc.*, v. *Sappenfield*, 6 Ind. App. 577.

To sustain a judgment for a plaintiff, a special verdict must find every ultimate fact essential to his right of recovery. Elliott App. Proced., section 753.

The verdict, so far as it bears upon this proposition, is as follows:

"The plaintiff's horse was on said railroad at said crossing, when said train passed over said crossing, and was struck by said locomotive with train of cars attached, and killed; that in approaching said crossing, on said locomotive and train of cars, the employes and servants of said defendant in charge of said train and locomotive did not, nor did any of them, sound the whistle of said locomotive, nor did they or any of them cause the bell of said locomotive to be rung; that said employes and servants of said defendant failed and neglected to give any signals of the approach of said train of cars; that the horse of said plaintiff failed to receive any notice of the approach of said locomotive and train of cars in time to get off said track, and was struck and killed by said locomotive and cars, without any fault of said plaintiff."

The negligence of appellant is conclusively established by the finding that it failed to give any signal whatever, either by whistle or bell, upon approaching the crossing. This violation of a statutory duty was negligence *per se*, and actionable in favor of one injured thereby, either in person or property, if himself without fault. *Chicago, etc., R. W. Co.* v. *Fenn, supra; Lake Shore, etc., R. W. Co.* v. *Van Auken*, 1 Ind. App. 492; *Baltimore, etc., R. R. Co.* v. *Walborn*, 127 Ind. 142; *Cincinnati, etc., R. R. Co.* v.

*Butler*, 103 Ind. 31; *Pennsylvania Co.* v. *Hensil*, 70 Ind. 569.

There is, however, in this verdict, no finding that the death of the horse was the result of the appellant's negligent omission to give the signals, nor that the horse would not have been struck had such signals been given. The facts found are, in this respect, substantially the same as those in the Fenn case, where it is said by the court: "Before there can be a recovery in this class of cases, however, it must be established that the omission of the signals caused the injury sued for. This is a question of fact to be determined by the jury. It cannot be declared, as a matter of law, that the failure of the company to comply with the law resulted in the injury, or that if the signals had been given the animals would have escaped. *Baltimore, etc., R. R. Co.* v. *Walborn, supra; Cincinnati, etc., R. W. Co.* v. *Gaines,* 104 Ind. 526; *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer,* 99 Ind. 486; *Pittsburgh, etc., R. W. Co.* v. *Martin,* 82 Ind. 476; *Peoria, etc., R. R. Co.* v. *Siltman,* 88 Ill. 529; Shearman and Redf. Neg., section 427.

"Whether the collision would probably have been avoided by giving the signals is clearly an inference of fact, and not of law, and involves, to some extent, a knowledge of the habits and disposition of animals, and the probable effect of the warnings upon their movements. There can be no accurate calculation of results upon irrational beings, but the law does not require exactness, and under such circumstances it is the duty of the jury to exercise their most intelligent judgment upon the probabilities, and report accordingly."

This being the law, it follows that the verdict was insufficient to sustain the judgment.

Counsel endeavor to sustain the judgment by reliance upon the doctrine in *Cincinnati, etc., R. W. Co.* v. *Grames*, 8 Ind. App. 112, treating the question under consideration as though it related to the negligence of appellant. It is not here a failure of the verdict to find facts showing negligence, but the failure is to find the facts constituting negligence to have been a cause of the injury.

Taking into consideration the entire record in this case, we are of opinion that justice requires a new trial.

The judgment is, therefore, reversed, with instructions to the trial court to grant a new trial.

Ross, J., concurs in the result.

Filed January 25, 1894.