No. 1,554.

PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO. v. SHAW ET AL.

RAILROAD AND HIGHWAY CROSSINGS.—*Statutes Construed.*—Section 5307, R. S. 1894, requires the whistle, upon a locomotive-engine, to be sounded upon approaching any highway crossing and the bell to be rung until the crossing is reached; section 5308, R. S. 1894, makes the company liable in damages to any person who shall be injured in person or property, by reason of the omission of such signals.

SAME.—*Animals.—Contributory Negligence of Owner.*—An owner of stock is not guilty of contributory negligence, when he has securely enclosed same, and they escape without his fault.

From the Miami Circuit Court.

*N. O. Ross*, for appellant.

*Loveland & Loveland* and *R. Kimple*, for appellees.

LOTZ, J.—The appellees brought this action against the appellant to recover the value of three horses, killed upon the appellant's railway track by its train of cars.

The facts necessary for the determination of the material questions involved in this appeal, as the same appear in the special verdict, may be stated as follows: On the 22d day of July, 1892, the appellant owned and operated a railroad extending through the town of Converse, in Miami county; the general

course of the main track of said road being east-wardly and westwardly through the town. The track of the road on west side of the town crossed Jefferson street and Madison street, streets running north and south; the said Madison street being the first street east of Jefferson, and distant therefrom 280 feet. Both of said streets being public-traveled streets of said town. Appellant's right-of-way was eighty feet wide about 175 feet east of Madison street. The station house was situated on the south side of the track. On the south side of the station house and the track, there was an open space used by the public as a way to go to and from the station house. This open traveled-way west of the station and south of the track was between twenty and thirty feet in width, and extended from the station house to Madison and Jefferson streets. There was no fence between this traveled-way and the railroad track. On the evening of July 21, 1892, the appellees were the owners of a number of horses and kept them in a field and enclosure near said town. The enclosure was securely fenced with boards and gates six feet high and suitable for restraining horses and cattle, and all means of egress were securely fastened. Sometime during the evening of said day the gates of said enclosure were opened by some means, to the jury unknown, and the horses therein wandered out of said enclosure and upon the streets and alleys and unenclosed grounds of said town. The horses escaped from the enclosure without the knowledge or fault of the appellees. About 2 o'clock a. m., of July 22, the appellant's passenger train approached said town from the west, running at the rate of from forty to forty-five miles per hour. At the time the train approached said town, the appellees' horses were upon the traveled-way immediately west of the sta-

tion, and from there they trotted about 100 feet in a northwestwardly direction and toward the approaching train, and entered upon the railroad track and were struck by the train, and three of them were killed. The engineer saw the horses when the train was within 200 feet of them. The whistle was not sounded, nor was the bell rung either for the street crossings or after the engineer saw the horses, nor was anything else done to frighten the horses from the track. The jury further found "That if the whistle had been sounded or other danger signals been given, either at the time said engineer saw said mares, or at the time he could, by the exercise of reasonable diligence and ordinary care on his part, have seen the same, the said mares so killed would have heeded the same and gotten out of the way of said train and locomotive and escaped injury."

It is apparent, from the findings, that the appellant failed to sound the whistle or ring the bell at two public highways, Jefferson and Madison streets. The horses were struck not more than 100 feet east of the last crossing. The statute, section 5307, R. S. 1894 (4020, R. S. 1881), requires the whistle to be sounded upon approaching any highway crossing and the bell to be rung until the crossing is reached. Section 5308, R. S. 1894 (4021, R. S. 1881), makes the company liable in damages to any person who shall be injured in person or property by reason of the omission of such signals. The purpose of the statute is to avoid danger to life and property upon the railroad and upon the highway. The company operating the railroad owes a duty, to the passengers upon the train and to persons and property upon the highway, to avoid danger by giving the statutory signals. These signals are in the nature of a police regulation. *Chicago, etc., R. R. Co.* v. *Fenn*, 3 Ind. App. 250. The failure to give such

signals is negligence *per se.   Pennsylvania Co.* v. *Hensil,* 70 Ind. 569.

The horses entered upon the appellant's track at a point where it was not required to fence.   It is insisted that they were trespassing animals and that the appellant owed no duty except not to injure them unnecessarily or willfully.   The traveled way along the south side of appellant's track was to all intents and purposes a public highway.   It extended to Madison street, and was practically a part of one and the same highway.   The point where the horses were struck was less than 100 feet from the Madison-street crossing.   Had the signals been given for this crossing, they would have had a tendency to frighten the horses from the track.   A railroad company owes a duty to the owner of animals on a highway to give the statutory signals.

It is further insisted that it was the duty of the appellees to restrain their horses and keep them at home or in secure enclosure, and the fact that they were upon the highways and unenclosed grounds, unattended, makes the appellees guilty of contributory negligence and defeats a recovery.

The verdict shows that the appellees had their horses confined in a secure enclosure, and that they escaped therefrom without their knowledge or fault. This court has strictly adhered to the doctrine that the owner of live stock is not guilty of contributory negligence under such circumstances.   *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298; *Chicago, etc., R. W. Co.* v. *Fenn, supra;   Ohio, etc., R. W. Co.* v. *Craycraft,* 5 Ind. App. 335; *Louisville, etc., R. W. Co.* v. *Ousler,* 15 Ind. App. 232; *Childers* v. *Louisville, etc., R. W. Co.,* 12 Ind. App. 686;   *Crum* v. *Conover,* 14 Ind. App. 264.

This question was fully discussed in the cases cited, and needs no further consideration now. We still adhere to the doctrine that the owner is not guilty of contributory negligence when he has securely enclosed his stock and they escape without his fault.

The appellant's learned counsel insist that such a rule is directly in conflict with the case of *Pittsburg*, *etc., R. W. Co.* v. *Stuart*, 71 Ind. 500. It is true that there are expressions in that case which are in conflict with our conclusion. In that case the railway company was charged with negligence in operating its train. There was no question of the sufficiency of the pleadings before the court. The court, however, set out the material allegations of the complaint, and it was in connection with these allegations that the statements were used. The cause was reversed on the evidence; the court holding that the company was not negligent, and a new trial was ordered. What was said in reference to the allegations of the complaint, under such circumstances, can hardly be deemed authority. If we should be in error in our interpretation of that opinion, there is a still later case by the Supreme Court in which this language is used: "A man who places a horse in an enclosure securely fenced, is not to be charged with contributory negligence because the horse leaps the fence and escapes, unless it appears that the horse was one that ordinary fences would not confine. A land-owner is not guilty of contributory negligence if he maintains fences that are ordinarily and reasonably secure." *Dennis* v. *Louisville, etc., R. R. Co.*, 116 Ind. 42. The cause from which this quotation is taken, was reversed for the reason that the company was not guilty of negligence as shown by the evidence. The ques-

tion of contributory negligence was one of secondary consideration. If the defendant was not guilty of negligence, that was an end of the controversy. It may be said that the above quotation is merely *dicta*, but if so it has as much weight as the expressions in the *Pittsburg, etc., R. W. Co.* v. *Sluart, supra.*

We think our conclusion in this case is not in conflict with any decision of the Supreme Court.

There are other acts of negligence charged in the complaint and found by the verdict, but it is unnecessary to consider them, as the facts stated are sufficient to entitle the appellees to a recovery.

It is insisted that the verdict is contrary to the evidence. A careful consideration of the record shows that there was some evidence fairly tending to support all the facts above set out.

It is also insisted that neither paragraph of the complaint is sufficient to withstand appellant's demurrer for want of facts. The first and second are unquestionably good under the rule laid down in *Ohio, etc., R. W. Co.* v. *Craycraft, supra.* The third paragraph charged willfulness, but the verdict failed to find any facts constituting willfulness. It is apparent that the verdict was not founded upon this paragraph, and it is therefore immaterial whether it is good or bad.

We find no reversible error in the record.

Judgment affirmed.

Ross, J., absent.

REINHARD, J., dissents for the reasons given by him in his dissenting opinion in the Nash case, cited in the principal opinion in this case.

Filed May 5, 1896.