## WALKER v. WEHKING ET AL.

[No. 3,779. Filed February 25, 1902. Rehearing denied May 2, 1902.]

MASTER AND SERVANT.—*Action by Employe Against Contractor.—Personal Injuries.—Complaint.*—In an action by one employed by a contractor in the erection of a building, the complaint alleged that plaintiff was ordered to leave his work on the ground floor and go to the third floor and wheel brick from the hoist along the temporary flooring to the second temporary flooring which extended around the walls; that he pushed the wheelbarrow ahead of him, so that his view of the flooring was partially cut off; that the wheelbarrow struck a brick which had not been seen by plaintiff, and caused plaintiff to lose his balance and fall. The complaint did not aver that the brick was placed on the floor by defendant or that defendant knew it was there, and it was apparent that plaintiff had passed by the brick four times before running against it. *Held*, that the complaint did not state a cause of action. *pp. 63-65.*

SAME.—*Wilfulness.—Complaint.*—A complaint by an employe for a wilful injury averred that defendant had full knowledge of the dangerous character of the place where he was required to work, "and that, notwithstanding such knowledge, the defendant, in reckless disregard of human life, and with the wilful intent to injure such person as should undertake such employment, failed and refused to place proper guards" so as to protect plaintiff. *Held*, that the complaint was not sufficient to withstand a demurrer. *pp. 65-67.*

From Marion Superior Court; *Vinson Carter*, Judge.

Action by Horace Walker against Charles F. Wehking and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*O. H. Carson* and *J. C. Moore*, for appellant.

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for appellees.

HENLEY, J.—Appellant commenced this action by complaint in two paragraphs, in which he seeks to recover damages on account of an injury received by him while in appellees' employ. The first paragraph of the complaint avers that his injury was caused by the alleged negligent

Walker *v.* Wehking.

acts of appellees. The second paragraph avers that the injury was wilfully committed. The trial court sustained appellees' demurrer to each paragraph of the complaint, and, appellant refusing to plead further, judgment was rendered that he take nothing by his action.

The only question here for consideration is the correctness of the ruling of the trial court in sustaining the demurrer to each paragraph of the complaint. It is averred in the first paragraph of complaint that appellee Charles F. Wehking is a contractor; that appellee Resener is his superintendent of construction; that appellee Schulmier is his foreman; that on the 9th day of June, 1897, appellees were engaged in the construction of what is known as the "Park theater," at the corner of Washington street and Capitol avenue, in the city of Indianapolis; that said building is of brick, and on said date the walls had been built up a little beyond the third story; that at each story there was constructed a temporary flooring, extending for a distance of eight feet from the walls of said building, and that a scaffolding was built out at a distance of five feet from said walls upon which was laid a platform for the use of the masons and builders in constructing said walls; that at the said time the brick used in constructing said walls was brought up to the third floor in wheelbarrows, loaded on a "hoist" eight feet square; that a temporary flooring was laid from the "hoist" at the third floor landing to the flooring which extended around the walls as aforesaid; that appellant had been employed prior to this time in loading the wheelbarrows with brick and wheeling them upon the "hoist" at the ground floor, but that on the day that he received his injury he was directed by the foreman to leave his work on the first floor and come to the third floor and wheel the brick from the hoist along the temporary flooring to the second temporary flooring, which extended around the walls of the building; "that, in wheeling said brick, he pushed the wheelbarrow ahead of him, so that

his view of the flooring was, for some distance in advance of him, cut off by the brick piled upon the loaded wheelbarrow, and within a period of five minutes from his coming to the third floor, as aforesaid, the wheel of the wheelbarrow struck a brick that had rolled near the edge of the flooring, and that had not been seen by plaintiff, and such striking stopped the movement of the wheelbarrow, and caused the plaintiff to lose his balance, and to fall off the edge of the flooring into the open way immediately east thereof." The negligence charged is in ordering appellant to work in a hazardous place,—made so by the fact that brick were left scattered on the floor, and the further fact that no railing was erected to prevent passers-by from falling into the open space to the east of the flooring.

Wheeling brick at the third story of the building was as much within the scope of appellant's employment as wheeling brick at the first floor. Appellant was transferred from his work of wheeling the brick to the hoist on the first floor, and set to work wheeling brick from the hoist on the third floor. The defects and danger complained of were open alike to the observation of both master and servant. The presence of the thing which resulted in appellant's mishap, and the absence of the thing which appellant claims, if present, would have saved him, were open and obvious to both master and servant. It did not require even a casual examination to know these things. The unbroken line of authorities in this State is to the effect that where the danger is open alike to the observation of both master and servant,—where the servant has equal opportunity with the master to see and know, or where the servant, in the exercise of reasonable care, looking to his own safety, would discover the defects or danger,—the risk is assumed. *Wabash R. Co.* v. *Ray,* 152 Ind. 392; *Swanson* v. *City of Lafayette,* 134 Ind. 625, 627; *Big Creek Stone Co.* v. *Wolf,* 138 Ind. 496, 499; *Vincennes, etc., Co.* v. *White,* 124 Ind. 376; *Wolf* v. *Big Creek Stone Co.,* 148

Walker *v.* Wehking.

Ind. 317; *Day* v. *Cleveland, etc., R. Co.,* 137 Ind. 206, 210; *Indiana, etc., R. Co.* v. *Dailey,* 110 Ind. 75; *Stewart* v. *Pennsylvania Co.,* 130 Ind. 242, 247; *City of Plymouth* v. *Milner,* 117 Ind. 324; *Lake Shore, etc., R. Co.* v. *Pinchin,* 112 Ind. 592; *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327; *Lake Shore, etc., R. Co.* v. *McCormick,* 74 Ind. 440; *Island Coal Co.* v. *Greenwood,* 151 Ind. 476; *Peerless Stone Co.* v. *Wray,* 143 Ind. 574; *Salem-Bedford Stone Co.* v. *Hobbs,* 144 Ind. 146; *Sheets* v. *Chicago, etc., R. Co.* v. *Kemper,* 147 Ind. 561; *Diamond Plate Glass* Ind. 363; *Evansville, etc., R. Co.* v. *Duel,* 134 Ind. 156; *Hoosier Stone Co.* v. *McCain,* 133 Ind. 231; *Louisville, etc., R. Co.* v. *Kemper,* 147 Ind. 561; *Diamond Plate Glass Co.* v. *DeHority,* 143 Ind. 381, 386.

We think the allegations of the first paragraph of complaint also show that appellant was guilty of negligence which contributed to his injury. The accident was caused solely by the striking of the brick with the wheel of the wheelbarrow. But the complaint wholly fails to aver that appellees, or either of them, knew that the brick was where it would or could be struck, or that it was, by either of them, negligently placed where it was. It is apparent from the averments of the complaint that appellant had passed by and over this same brick at least four times before he ran his wheelbarrow against it. Appellant was used to the work of wheeling brick on a wheelbarrow. He knew the unstable condition of a wheelbarrow piled high with brick, when being pushed along the way provided. He must have known that if he struck a brick with the wheel while pushing a loaded wheelbarrow, the wheelbarrow would be jerked violently either to one side or the other, and that his safety would thereby be endangered. We think the first paragraph of the complaint clearly bad.

The second paragraph of the complaint attempts to charge that the injury to appellant was wilfully done and

committed. The averments in this regard are as follows: "That said defendant Edward H. Resener, as superintendent, had charge and control of all the employes of said defendant Wehking, and it was the duty of this plaintiff to follow his directions and obey his commands; that both defendants Resener and Schulmier acted within the scope of their authority; that they both had full charge and control over the construction of said building, and had knowledge that said flooring was so covered with brick as that only a narrow way next to the open space was left, whereon it was necessary to walk in wheeling said brick, and had knowledge that there was no railing along the edge of said flooring to protect the passer-by from falling into the open space, and had knowledge that the wheeling of brick along said narrow way was accompanied by great hazard, and had knowledge that plaintiff was unaccustomed to work in such places of danger, and did not, in point of fact, know of the danger aforesaid; and that, notwithstanding such knowledge, the defendants, in reckless disregard of human life, and with the wilful intent to injure such person as should undertake such employment, failed and refused to place proper guards about such open space, and required the plaintiff to work in such place of hazard." The description of the place and of the events leading up to the accident and of the manner in which it occurred is detailed in the second paragraph of complaint in a manner not materially different from the first paragraph of complaint.

Wilfulness can not exist without purpose or design. It involves conduct which is *quasi* criminal. *Parker* v. *Pennsylvania Co.*, 134 Ind. 673, 23 L. R. A. 552, and cases cited. It was said in *Kalen* v. *Terre Haute, etc., R. Co.*, 18 Ind. App. 202, 63 Am. St. 343, that: "To be good as a complaint for wilful injury, it should show by some consistent form of averment that the injurious act was purposely done with the intent on the part of the doer to inflict wilfully and purposely the particular injury of which complaint is

made." See, also, *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385; *Miller* v. *Miller,* 17 Ind. App. 605. Wilfulness is a desire or intention to produce a certain result. *Barr* v. *Chicago, etc., R. Co.,* 10 Ind. App. 433.

The complaint in this case does not charge that the act by which appellee was injured was wilfully done, with the intent, upon the part of appellees, wilfully and purposely to inflict the particular injury of which complaint is made. It falls far short of such a showing. If we should hold that the words "such person," in the averment, "and with the wilful intent to injure such person as should undertake such employment," meant appellant, still the wilful intent is directed to the doing of certain acts which it is alleged caused the place where appellant worked to become a place of hazard; it is not directed to the inflicting of the particular injurious act here complained of.

We think the trial court correctly sustained the demurrer of appellees to both paragraphs of appellant's complaint. Judgment affirmed.

Comstock, C. J., Black, Robinson, and Wiley, JJ., concur.

## DISSENTING OPINION.

Roby, J.—It is averred in the second paragraph of complaint that appellee Wehking was a contractor in Indianapolis; that appellee Resener was his superintendent, and appellee Schulmier his foreman; that on June 9, 1897, Wehking was engaged in the construction of a building known as the "Park theater;" that, at the time named, the walls of such building, which were of brick, had been built up somewhat beyond the third story. The north end of the building is used as a stage, and was then open from the basement to the top of the wall, a distance of over fifty feet, except that at each story a temporary floor eight feet wide had been constructed next to the west, north, and east walls; that, on

the third floor, scaffolding five feet wide, and at the time of the accident, from four to four and one-half feet high, had been built upon said temporary floor for the use of masons laying up the walls; that a "hoist" had been placed in the building, at the south side of the stage, and twenty feet east of the west wall; that a further temporary floor had been made on the third floor from the west side of the "hoist" to the strip along the west wall; that brick were loaded upon a wheelbarrow at the ground, then elevated to the third floor, and then wheeled along the temporary floors aforesaid to the places where needed; that the said "hoist" was eight feet square, and that the floor space on the north end of said story was uncovered and unprotected by railing or otherwise; that such uncovered space north and west of the "hoist" was ten by twelve feet, and east and north thereof much larger; that the bricks were wheeled along the outside of the temporary floor, next to the open space, which was left unobstructed by the scaffold to the width of three feet; that it was the duty of one Burton to wheel the brick; that the flooring on the west side of the building had become so covered with brick as to leave only a narrow way next to the open space upon which the wheelbarrow could be wheeled; that Burton was an experienced man, used to working at such heights and in dangerous places; that he was ordered by the foreman Schulmier to other work; that appellant had been employed as a hod-carrier; that after the "hoist" had been put in, it had been his duty to load the brick on the wheelbarrow at the ground floor, and wheel them upon it; that he was not accustomed to work under dangerous conditions; that he was ordered by the superintendent to go to the third floor and take Burton's place; that he had not theretofore wheeled any brick away from the "hoist;" that he obeyed the order; that he had no knowledge of the dangerous conditions under which he would be called to work; that he had no opportunity to observe, and did not know, their dangerous character; that

he started to wheel the brick along the floor, largely covered with brick, as aforesaid; that he was urged by Resener to hurry; that he did not realize the dangerous character of the employment; that he pushed the wheelbarrow ahead of him; that it cut off his view of the floor; that on his third trip, and within five minutes after he came to the floor, the wheel of the wheelbarrow struck a brick that had rolled near the edge of the flooring and had not been seen by him; that such striking stopped the wheelbarrow and caused the appellant to lose his balance and to fall off the edge of the flooring to the temporary floor of the second story, inflicting injuries which are set out in detail. It is further averred in terms, "That the defendant Edward H. Resener, as superintendent, had charge and control of all the employes of said defendant Wehking, and it was the duty of this plaintiff to follow and obey his commands; that both defendants Resener and Schulmier acted within the scope of their authority; that they both had full charge and control over the construction of said building, and had knowledge that the said flooring was covered with brick and that only a narrow way next to the open space was left whereon it was necessary to walk in wheeling brick, and had knowledge that there was no railing along the edge of such flooring to protect the passer-by from falling into the open space, and had knowledge that the wheeling of brick along the said narrow way was accompanied by great hazard, and had knowledge that plaintiff was unaccustomed to work in such places of danger, and did not, in fact, know of the dangers aforesaid, and, notwithstanding such knowledge, the defendants, in reckless disregard of human life, and with the wilful intent to injure such persons as should undertake such employment, failed and refused to place proper guards about such open space, and required the plaintiff to work in such place of hazard; that the defendant Schulmier directed the defendant Resener to call upon one of the men from the first floor to take said Wesley Burton's place in wheeling

the bricks away from the "hoist;" that said Burton warned defendant Schulmier, within the hearing of defendant Resener, that such employment was dangerous and hazardous and of such nature that no one accustomed to working on the ground should be called upon to engage in it; that thereupon the defendant Schulmier, not denying that such employment was accompanied with danger and hazard, and not denying that one accustomed to working on the ground floor would engage in it only at great peril, said, with a reckless disregard for life, accompanied with oaths and curses, and within the hearing of said Resener, that it made no difference to him if such person should be killed, as it would be only one nigger less; that he thereupon again directed defendant Resener to call up some one from the ground floor to take Burton's place, and defendant Resener called the plaintiff, under the circumstances set out; that the injuries complained of were caused by the wilful misconduct, aforesaid, of defendants. The appellant charged that appellee, in reckless disregard of human life, made a dangerous place, and, with wilful intent to injure such person as should work there, wilfully ordered him to work in such place. The word "wilful", as used, applies equally to the making of the alleged dangerous place and to the sending of appellant into it. It is also charged that the injuries described were caused by the wilful misconduct of the appellee. An averment of the wilful and intentional commission of an act which, according to the nature and experience, will produce a certain injury, is equivalent to the averment of the wilful commission of the injury. *Louisville, etc., R. Co.* v. *Hart,* 2 Ind. App. 130.

To say that A wilfully killed B is not different, in substance, from saying that A wilfully pointed a loaded gun at B, and wilfully discharged the same, whereby B was killed. It is only necessary to charge in the complaint that the injurious act was purposely and intentionally committed with intent, wilfully and purposely, to inflict the injury

complained of. *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385; *Miller* v. *Miller,* 17 Ind. App. 605, and authorities cited.

Section 341 Burns 1901, §338 Horner 1901, is in part as follows: "The first pleading on the part of the plaintiff is the complaint. The complaint shall contain  *  *  * Second. A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." I think that a person of common understanding ought to know that appellant intended to charge a wilful injury. The complaint is sufficient to apprise the defendant of the state of facts upon which the plaintiff expected to rely. *Lincoln* v. *Ragsdale,* 7 Ind. App. 354.

The opinion of the court is not understood as holding that the facts set out would be insufficient to establish wilful injury, as matter of fact, but that they are insufficient as a matter of pleading. The statute forbids such construction. §379 Burns 1901. To constitute a wilful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict the injury complained of. Direct and positive intent is not always necessary to constitute a wilful act. Where the conduct indicates that degree of indifference to the rights of others which may be justly characterized as recklessness, the defendant is responsible for the injury he inflicts, irrespective of the fault that placed the plaintiff in the way of such injury. *Palmer* v. *Chicago, etc., R. Co.,* 112 Ind. 250; *Lake Erie, etc., R. Co.* v. *Brafford,* 15 Ind. App. 655; *Overton* v. *Indiana, etc., R. Co.,* 1 Ind. App. 436; *Barr* v. *Chicago, etc., R. Co.,* 10 Ind. App. 433. Specific acts are stated in the pleading. If the character of the acts so stated are inconsistent with the charge, the use of the word wilful will not make it sufficient. *Belt R. Co.* v. *Mann,*

107 Ind. 89, 91; *Gregory* v. *Cleveland, etc., R. Co.,* 112 Ind. 385, 389; *Louisville, etc., R. Co.* v. *Wood,* 113 Ind. 544, 563. If, on the other hand, the acts described are consistent with the charge, then the question as to whether the charge is true must be submitted for trial as are other questions of fact. *Barr* v. *Chicago, etc., R. Co.,* 10 Ind. App. 433. While direct and positive intent is not always necessary to make a wilful injury, it is, when found to exist, conclusive upon the question. The opinion adopted by the court fails to mention the averment relative to the expression used by the foreman when warned against sending appellant to work in the dangerous place. It appears from the averments of the complaint that the appellant was deliberately sent into a place of known danger. It is an elementary rule that, where proof of an act is admissible, proof of a statement accompanying it is also admissible as a part of its *res gestae.* 1 Greenleaf on Ev., §§108, 109. *Baughan* v. *Brown,* 122 Ind. 115, 119. Where it becomes proper to aver an act as one of the ingredients of alleged wilfulness, it is proper to aver the entire act. The language averred to have been used by the foreman indicates a disregard for human life and the safety of the appellant, consistent with the charge of wilfulness and strongly supportive of it. The alleged wilfulness does not consist alone in failing to make a wide floor, nor in failing to provide railings, but in sending the appellant to work in the place thus rendered unfit.

In considering the effect of the facts stated, there is no known warrant for failing to take into account those as to appellant's ignorance, lack of capacity, and lack of experience. The averments are confessed as true by the demurrer. The quality of what a man does is largely dependent upon what he is and what he knows. Had a child been sent into such a place, under such circumstances, who would refuse to consider its ignorance as bearing upon the quality of the man's act who sent it there? The master is liable for

Walker *v.* Wehking.

the wilful act of the superintendent and foreman, within the scope of their authority. *Indianapolis Union R. Co.* v. *Cooper,* 6 Ind. App. 202; *Dickson* v. *Waldron,* 135 Ind. 507, 24 L. R. A. 483, 41 Am. St. 440. If it had been averred that a scaffold was erected fifty feet from the ground, and that one of its crossbeams, instead of being securely nailed, was held by one nail, insufficient for the purpose, and that, with knowledge of the danger, the superintendent wilfully ordered an employe to work on the scaffold, in doing which he was injured by the falling of the scaffold on account of the indicated defect, the fact would accord with the charge of wilfulness. The case at bar differs from the illustration in this: That the danger was not caused by a scaffold, defective in the number of nails used to hold it up, but defective in the number of planks used to cover it, and in the lack of a railing of some kind. The casualty was caused, not by the falling of the scaffold, but by the falling of the appellant from the scaffold,—a result which, it is alleged, was likely to follow its use by him in the manner he was ordered to use it. The writer is impressed with the idea that the appellant is entitled to have the issue of wilfulness determined by a tribunal fitted for the purpose as provided by law. The court has no power to try the issue. Its duty ends when it finds that an issue has been tendered, and that such issue is tendered, seems to be shown by a consideration of all the allegations contained in the complaint. I therefore respectfully dissent from the conclusion reached by the court.