## CHICAGO AND ERIE RAILROAD COMPANY *v.* LEITER.

[No. 8,612. Filed June 15, 1915.]

1. RAILROADS.—*Injuries to Animals on Tracks.—Negligence.—Wilful Injuries.—Evidence.—*Evidence showing that plaintiff's horses were kept in a field, securely fenced, from which they escaped and entered upon defendant's railroad track at a point where defendant had removed a cattle guard and highway wing fence, that the horses ran along the track in front of an approaching train and were overtaken at a bridge some distance from where they entered on the track, and that the engineer and fireman saw them and could have prevented the injury by stopping the train, but, instead of stopping it or slackening the speed, continued to blow the whistle and pursue the horses until the injuries

occurred, not only tended to support a charge of negligence, but also tended to support the theory of wilful injury. pp. 214, 215.

2. RAILROADS.—*Injuries to Animals on Tracks.—Evidence.—Contributory Negligence.*—Where the evidence, in an action against a railroad company for damages for killing plaintiff's horses, showed that the horses were kept in a field surrounded by a substantial fence, and that the horses were not of a character such that contributory negligence could be imputed to plaintiff by reason of pasturing them in the field from which they escaped, liability of the defendant could not be avoided on the ground of contributory negligence. p. 215.

3. ANIMALS.—*Wilful Injuries.—Pleading.—Complaint.—Contributory Negligence.*—A complaint charging wilful injuries to animals need not aver that plaintiff was without fault, but is sufficient on that theory if the language shows that the defendant had an intent, either actual or constructive, to do the injury complained of. p. 215.

4. RAILROADS.—*Injuries to Animals on Tracks.—Negligence.—Wilful Injuries.—Evidence.*—Where the evidence showed that defendant's horses were seen on defendant's tracks by those in charge of its train in time to have slackened the speed, or to have stopped the train, so as to avoid the injuries, but that they failed to do so, and that such could have been done without peril to persons or property entrusted to defendant for transportation, it was for the jury to determine whether defendant was negligent, or whether it was liable for wilful injuries, so that a verdict for plaintiff was not without evidence to support it on either theory. p. 216.

5. RAILROADS.—*Injuries to Animals on Tracks.—Liability.—Negligent or Wilful Injuries.*—The liability of a railroad company for injuries to animals, alleged to have been either negligently or wilfully inflicted, is not affected by the rule that to recover under the statute the evidence must show actual contact with the animals. p. 216.

6. RAILROADS.—*Injuries to Animals on Tracks.—Damages.—Interest.*—In an action for damages for the loss of plaintiff's horses killed by defendant's train, where the evidence showed their value was $650, a verdict for $700 was not excessive in view of the fact that interest on the value of the horses was recoverable from the date of filing the complaint, which in separate paragraphs charged negligence and wilful injuries respectively, and the interest from that date to the returning of the verdict was more than $50. p. 217.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Levi Leiter against the Chicago and Erie Rail-

road Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William O. Johnson, Holman, Stephenson & Bryant, Long & Yarlott* and *M. A. Baker,* for appellant.

*C. C. Campbell* and *George W. Funk,* for appellee.

IBACH, P. J.—This is an action for damages for the killing of appellee's horses by appellant on its railroad tracks.

1. The evidence in the case most favorable to appellee shows that in the year 1906, appellant for some reason removed many of its cattle guards and highway fences, among which were those which had existed in close proximity to appellee's farm, and since that time has not rebuilt or maintained any of such crossings, but has maintained its lateral fences through appellee's farm. Four of appellee's horses escaped from a field which was securely fenced and entered on appellant's right of way at a point where some time prior thereto appellant had removed a cattle guard and highway wing fence, and at a time when one of appellant's trains was approaching the highway crossing and had given the usual highway crossing signals. The horses ran in front of the approaching train and were overtaken at appellant's bridge over Mud Creek some distance away from the crossing, where they had entered on the tracks. The engineer and fireman actually saw the horses running before the train and the signals given by appellee's wife, who was at the time on appellant's right of way, endeavoring to protect the horses from the oncoming train, and at such time the engine was being operated at such a rate of speed that the train could have been stopped in ample time to have prevented the collision with the horses and their consequent injury and death. The train, however, was not then stopped, neither was its speed checked, but instead the whistle was constantly blown and the horses pursued until by reason of the high embankments along the right of way, and the existence of a cattle guard at

the bridge, there was no escape for the horses, and they in their fright attempted to cross over the bridge, but fell through the trestle, and one was struck by the train and killed, another had to be killed because its leg was broken in falling through the trestle, and another died shortly afterwards from its injuries. There was evidence that the horses were worth $650 and a verdict of $700 was returned.

There is evidence to show that the fence surrounding the field in which the horses were confined was a substantial fence, and that the horses were not of a character 2. such that contributory negligence could be imputed to appellee by reason of the fact that he allowed them to feed and pasture in the field from which they escaped. Our courts have held many times that the owner of live stock is not to be charged with contributory negligence when there is evidence to show that the fences which he maintained were ordinarily and reasonably secure, and they escaped from the enclosure without his fault or knowledge, and entered on the lands of another, which rule applies to railroad companies. 1 Thornton, Negligence §§1222, 1223; *Dennis* v. *Louisville, etc., R. Co.* (1888), 116 Ind. 42, 18 N. E. 179, 1 L. R. A. 448; *Pittsburgh, etc., R. Co.* v. *Shaw* (1896), 15 Ind. App. 173, 43 N. E. 957. There is evidence not only tending to support the first paragraph of 1. complaint, which is based on the theory of negligence, but likewise to support the amended second paragraph, which is drawn on the theory of wilful injury.

In answer to one contention of appellant, it is proper to state at this point that a complaint to be good on the theory of wilful injury need not contain an averment that 3. plaintiff was without fault. *Chicago, etc., R. Co.* v. *Nash* (1891), 1 Ind. App. 298, 301, 302, 27 N. E. 564, and cases cited. In this case the court in effect decides that intention is the controlling element in wilful injury, and for a complaint to be good on that theory, the language used must be sufficient to show that the defendant had an

intent, either actual or constructive, to do the injury complained of, but it is not necessary to use words indicating an act amounting to a crime, or imputing actual malice toward the owner of the property injured, nor to show that plaintiff was free from contributory negligence, nor that the property injured was rightfully at the place of injury. The averments of the paragraph under consideration charging that the injurious act was purposely and intentionally committed with the intent wilfully and purposely to inflict the injury complained of, meets all requirements. See, *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 13 N. E. 456; *Walker* v. *Wehking* (1902), 29 Ind. App. 62, 63 N. E. 128. The facts of this case sufficiently show

4. that the stock was seen on the tracks of the railroad company by those operating a train a sufficient length of time before the collision occurred to have slackened the speed of the train, or to have stopped it, without imperiling the persons or property entrusted to it for transportation. Under such a state of facts it was for the jury to determine whether negligence existed on the part of the appellant, or whether it was liable for the commission of a wilful injury, and having found for appellee, it is not for this court to say that there was no evidence to support such conclusion.

The contention on appellant's part that to recover under the statute the evidence must show actual contact with the animals is correct, but this proposition has no appli-

5. cation to the first and amended second paragraphs of complaint, based on negligence and wilful injury, respectively. 1 Thornton, Negligence §1207; *Campbell* v. *Indianapolis, etc., Traction Co.* (1906), 39 Ind. App. 66, 79 N. E. 223; *Toledo, etc., R. Co.* v. *Bergan* (1893), 9 Ind. App. 604, 37 N. E. 31; *Toledo, etc., R. Co.* v. *Milligan* (1876), 52 Ind. 505, 510.

The damages awarded by the jury are not necessarily excessive, in a case such as this. The verdict may have been

based on either the first paragraph of complaint, or the amended second, in which event interest was recoverable from the time of filing complaint to return of the verdict, and since there was evidence to show the value of the horses was $650, and the interest on that sum from the date of filing complaint to the returning the verdict was more than $50, the damages given by the jury can not be said to be excessive.

Other errors are assigned, but what has already been said disposes of all of them adversely to appellant's contention.

The cause seems to have been fairly tried, and a correct result reached. Judgment affirmed.

NOTE.—Reported in 109 N. E. 213. As to the duty of railroad company to animals on track, see 20 Am. St. 161. As to interest on damages for injuries to stock, see 18 L. R. A. 450; 28 L. R. A. (N. S.) 68. As to the liability of a street railway for injuries to animal running at large, see Ann. Cas. 1913 C 722. See, also, under (1) 33 Cyc. 1297; 33 Cyc. 1915 Anno. 1299-new; (2) 33 Cyc. 1298; (3) 3 C. J. 160; 2 Cyc. 422; (4) 33 Cyc. 1304, 1303; (5) 33 Cyc. 1292; (6) 13 Cyc. 88.