## Blizzard *v.* Walker.

Trespassing Animals.—*Statute.*—The rule of common law concerning trespassing animals is superseded by the act "concerning inclosures, trespassing animals, and partition fences," 1 G. & H. 342.

Same.—*Lawful Fence.*—Where trespassing cattle are distrained, the owner thereof may recover possession of them without payment of the damage done by them, if the land trespassed upon was not inclosed by a lawful fence within the provisions of the first and second sections of said act.

Same.—*Custom.*—In an action by the owner of trespassing cattle taken up by the owner of the land trespassed upon, to recover possession thereof, the land owner offered to prove that although the inclosure was not such as good husbandmen generally keep, yet it was such as was kept in the locality wherein the land was situated, where fences were taken in during the winter, to avoid the spring freshets.

*Held,* that evidence of such custom was not admissible.

APPEAL from the Tippecanoe Civil Circuit Court.

Ray, J.—The cattle of the appellee trespassed upon the land of the appellant and damaged crops thereon. Appellant seized the cattle and refused to deliver them up until the damages were paid. This action was replevin, by appellee, and he succeeded below. It was proved on the trial that the fence around appellant's land was not a "lawful fence" within the provision of the first and second sections of an act "concerning inclosures, trespassing animals, and partition fences" (1 G. & H. 342), and, therefore, under the four-

teenth section of the act, the finding and judgment of the court was correct. This act is intended to supersede the rule of common law on this subject

It was attempted to prove that although the inclosure was not such as " good husbandmen generally keep," yet it was such as was kept in that locality, where fences were taken in during the winter to avoid the spring freshets. Our statute, unfortunately, is general, and not, perhaps, adapted to this custom.

Judgment affirmed, with costs.

*M. Jones, J. L. Miller,* and *S. T. Stallard,* for appellant.

*G. O. & A. O. Behm* and *R. P. DeHart,* for appellee.