Clark *v.* Stipp *et al.*

---

No. 7612.

.Clark *v.* Stipp et al.

Replevin.—*Trespassing Animals.—Enclosed Land.—Lawful Fence.—*An action of replevin will lie to recover cattle seized and held for the payment of damages done by them to crops upon enclosed land, if the fence through which they broke was not a lawful fence.

Same.—*Evidence.—Supreme Court.—*If, in such case, the evidence is conflicting as to whether it was a lawful fence, and the lower court finds for the plaintiff, the Supreme Court will regard the fact established, that the fence was not a lawful fence, within the meaning of sections 1 and 2, 1 R. S. 1876, p. 495.

Same.—*Practice.—Remedy.—*If the fence is not a lawful one, the taker-up has no right to detain such cattle, and the owner can not be deprived of any remedy he may have, simply because the taker-up claims them as trespassing animals.

Clark *v.* Stipp *et al.*

Same.—*Act of 1877 Construed.—Board of Commissioners.*—The act of March 12th, 1877, Acts 1877, Spec. Sess., p. 42, authorizes an action to be maintained against the owner of all trespassing animals, whether the fence is a lawful one or not, unless the animals are authorized to run at large by an order of the board of commissioners, in which case the fence must be lawful to maintain the action.

Same.—In such case, it is immaterial whether the order was passed before or after the said act of 1877 took effect.

From the Pulaski Circuit Court.

*W. Spangler*, for appellant.

*J. C. Nye* and *N. L. Agnew*, for appellees.

Best, C.—In August, 1877, the appellees' cattle trespassed upon the enclosed lands of appellant, damaged his crops, and were seized and held by him for the payment of his damages. Upon his refusal to deliver them until his damages were paid, the appellee replevied them before a justice of the peace, where he succeeded. On appeal the cause was submitted to the court and a judgment rendered for the appellees.

The only disputed question of fact, upon the trial, was whether the fence through which the cattle broke was a "lawful fence." The evidence was very conflicting, and, under these circumstances, this court can not disturb the finding of the trial court, but must regard the fact as established that the fence was not a "lawful fence," within the meaning of sections 1 and 2 of an act "concerning inclosures, trespassing animals, and partition fences." 1 R. S. 1876, p. 495.

Thus regarded, the appellant insists that the judgment is erroneous, for the following reasons, viz.:

1st. The remedy provided by the above act is exclusive where a trespassing animal is taken and held for the payment of damages under said act.

2d. The act of March 12th, 1877, authorizes the detention of such property, whether the fence is "lawful" or not, as the latter part of it, which recognizes the power of the county commissioners to specify what animals may run at large, is unconstitutional.

3d. If such law is valid, there was no proof that the commissioners had made any order after such act went into force.

We do not think the remedy mentioned in the statute is exclusive ; unless the fence is a "lawful" one, the taker-up has no right to detain such cattle as may be trespassing upon his land, and we do not think that where cattle are detained without right the owner can be deprived of any remedy he would otherwise have for their recovery, simply because the taker-up claims them as trespassing cattle. This was so held in *Blizzard* v. *Walker*, 32 Ind. 437, and we see no good reason for holding otherwise.

The act of March 12th, 1877, amends section 2 of the above recited act, and is as follows : "If any domestic animal break into an enclosure or wander upon the lands of another, the person injured thereby shall recover the amount of damage done : *Provided*, That in townships where, by order of the board of county commissioners, said domestic animals are permitted to run at large, it shall appear that the fence, through which said animal broke, was lawful ; but where such animal is not permitted to graze upon the uninclosed commons, it shall not be necessary to allege or prove the existence of a lawful fence in order to recover for the damage done."

"At common law, the owner of animals is obliged to keep them upon his own grounds, and is a wrong-doer if he suffer them to stray upon the grounds of others. This, as a general rule, is the law of Indiana." *The Pittsburgh, etc., R. W. Co.* v. *Stuart*, 71 Ind. 500.

Although, by the common law, it is wrongful to permit domestic animals to stray upon the lands of another, yet the Legislature, by section 2, amended as above, provided that no action should be maintained for such injury, unless it appeared that such animal broke through a lawful fence. Any remedy for the wrong was withheld. This it was competent for the Legislature to do, as was decided in *Myers* v. *Dodd*, 9 Ind. 290.

Clark *v.* Stipp *et al.*

The only change made by the amendment of 1877, was to allow a remedy for such trespasses as are committed upon un-inclosed lands by animals not permitted to run at large by an order of the board of county commissioners. For trespasses, caused by such animals as are allowed to run at large, the law is not changed, but remains the same. The remedy is withheld, unless the fence is "lawful." This amendment gives a remedy where there was none, but does not take away any; nor does it authorize the board of commissioners to make such orders as are mentioned therein. It simply recognizes the fact that such orders may have been made, and provides that for trespasses committed by animals at large, in pursuance of them, the law shall remain as it was. If the Legislature could withhold a remedy for trespasses committed by *all* domestic animals, under certain circumstances, it could, under like circumstances, withhold it for those committed by animals at large, in pursuance of such orders. The act specifies a part of the animals, the owners of which are not liable, unless the fence is lawful. That part might have been otherwise designated. However done, it would be a mere division of the whole number running at large, and, therefore, it seems to us that the validity of the law authorizing the board of commissioners to make such orders is not involved, and since it appears that the animals in question were at large in pursuance of an order of the board of commissioners, it was material to know whether the fence through which they broke was "lawful."

Nor do we think the third point well taken. The act of March 12th, 1877, applies to trespasses of animals permitted to run at large by all orders of the board of commissioners, whether such orders were made before or after such act took effect.

For these reasons we think the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things, affirmed, at the costs of the appellant.