No. 11,275.

ATKINSON v. MOTT ET AL.

| 102 | 431 |
|-----|-----|
| 139 | 292 |
| 102 | 431 |
| 142 | 557 |
| 102 | 431 |
| 148 | 235 |

TRESPASS.—*Animals.—Order by County Commissioners Permitting them to Run at Large.—Evidence.*—The making of an order by the board of commissioners permitting domestic animals to run at large, as contemplated by section 4835, R. S. 1881, must be shown as any other fact, and in the absence of such showing it will be assumed that no such order has been made.

SAME.—*Action for Damages.—Pleading.—Fences.—Negligence.*—Where there is no such order, it is not necessary, in an action to recover for injuries done by trespassing animals, to allege or prove the existence of a lawful fence, nor to allege that the defendant was negligent and the plaintiff without fault, nor to allege that the damages are due and unpaid.

SAME.—*Husband and Wife.—Parties.*—Where such an action is brought by a married woman for injuries to her property, the husband may be joined as plaintiff, although he is not a necessary party.

SAME.—*Recovery by One Joint Owner.—Res Adjudicata.*—In such case, if the wife is a joint owner with her co-plaintiff, a recovery by her for the entire damage done would bar another action by her or her husband for the same subject-matter.

PRACTICE.—*Defect of Parties.—Waiver.*—An objection on account of a defect of parties, if not taken by demurrer or answer, as provided by sections 339 and 343, R. S. 1881, is waived.

From the Benton Circuit Court.

*M. H. Walker, I. H. Phares, J. R. Coffroth* and *T. A. Stuart,* for appellant.

*D. Smith* and *G. H. Gray,* for appellees.

BLACK, C.—The appellees, Prudence Mott and her husband, sued the appellant to recover damages for injuries to the property of said Prudence, done by trespassing cattle of

the appellant.   The complaint consisted of five paragraphs, which were alike, except as to the times at which the cattle were alleged to have entered, and as to the property injured, and except that the first four paragraphs charged the breaking and entering into land in the occupation and lawful possession of said Prudence, while in the fifth it was alleged that the cattle broke and entered into certain other land owned by said Prudence in fee simple.   In each paragraph the cattle were alleged to have been owned and controlled by the defendant, and to have entered the land so owned or occupied by breaking through a partition or inside fence, which separated the plaintiffs' premises from adjoining land on which the defendant was pasturing said cattle.   It was in each paragraph alleged that " the defendant wrongfully, carelessly and negligently suffered and permitted his said cattle to break," etc.

The defendant's demurrer to each paragraph of the complaint for want of sufficient facts was overruled.   There was an answer in denial.   A jury returned a verdict for the plaintiff.   The defendant's motion for a new trial was overruled, and judgment was rendered on the verdict.

The statute of 1877, section 4835, R. S. 1881, provides: " If any domestic animal break into an inclosure or wander upon the lands of another, the person injured thereby shall recover the amount of damage done, provided, that in townships where, by order of the board of county commissioners, said domestic animals are permitted to run at large, it shall appear that the fence through which said animal broke was lawful; but where such animal is not permitted to graze upon the uninclosed commons, it shall not be necessary to allege or prove the existence of á lawful fence in order to recover for the damage done."

The making of the order of the board of county commissioners, to which reference is made in this statute, is a matter of which courts, in such cases, will not take notice, unless it be shown as other facts must be shown; and in the absence of any averment that such an order had been made, it must

be assumed, for the purposes of the ruling upon the demurrer, that there was no such order, and that, as at common law, the owner of the trespassing cattle was responsible to the person injured.

Another section of the statute (section 4848, R. S. 1881,) provides what shall be a lawful partition fence; and if it had appeared that such an order had been made by the board of county commissioners, it would have been necessary for the plaintiff to show that the cattle broke through a lawful fence, or that they broke through a fence defective through the failure of the defendant to perform his contract duty to the plaintiff. *Hinshaw* v. *Gilpin*, 64 Ind. 116; *Baynes* v. *Chastain*, 68 Ind. 376. But as it did not appear that such an order had been made by said board, the express provision of the statute, like the common law rule, made it unnecessary to allege the existence of a lawful fence in order to recover for the damage done. The cattle were trespassers, and they would have been such though it had appeared that their owner, the appellant, was not negligent, but used care and diligence to keep them upon his own land, or to confine them within his own inclosure. *Pittsburgh, etc., R. W. Co.* v. *Stuart*, 71 Ind. 500.

What was said in the complaint about negligence on the part of the defendant was surplusage, and, therefore, it was not necessary, as contended by the appellant, to allege that the plaintiff was without fault. See *Clark* v. *Stipp*, 75 Ind. 114.

While the husband was not a necessary party (R. S. 1881, section 254), he was not improperly joined as a plaintiff.

In such an action as this the complaint need not allege that the damages are due and unpaid.

We have answered the objections urged against the complaint, and we find no error in the overruling of the demurrer.

There was evidence that a portion of the land on which the cattle trespassed, at various times from October, 1881, to

July, 1882, was occupied by the plaintiffs under a lease, the date of which was not shown.   There was some conflict in the testimony as to whether this was a lease to the plaintiff Prudence Mott alone, or to her and her husband and co-plaintiff.   The evidence showed that the cattle injured crops growing on this land, and ate and destroyed grain stored thereon raised by the labor of said husband and his boys.

The appellant presented certain interrogatories and certain instructions, which the court rejected, and he excepted to certain instructions given.   The question which the appellant thus sought to raise was whether a recovery in this action for the injury so done on said leased land should be defeated by the facts, if found, that said lease was made to said Prudence and her said husband, and that the property so injured was owned by them jointly.

We think that the court did not err in deciding this question against the appellant.

A defect of parties, if apparent upon the face of the complaint, must be raised by demurrer assigning that specific cause; if not so apparent, it must be presented by answer; and if such objection be not taken by demurrer or answer, it is waived.   R. S. 1881, sections 339, 343; *Thomas* v. *Wood*, 61 Ind. 132.

If the plaintiff Prudence was a joint owner with her co-plaintiff, a recovery by her in this action for the entire damage done by the trespassing cattle would bar another action by her or her husband, or both, for the same subject-matter.

We find no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.

Filed April 2, 1885; petition for a rehearing overruled Sept. 22, 1885.