THOMAS O. FRENCH, Respondent, v. THE WESTERN NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Railroads — failure to fence the track — liability to a person using the adjacent land,*
*under a right from the owner.*

The statutory obligation of a railroad company to fence its track is due to one
   who uses the land of another, adjoining the track, for the purpose of pasture
   under an agreement with the owner thereof ; and the company will, therefore,
   be liable to such person for any loss or injury resulting from its neglect to
   fence its track, as, *e. g.*, for injuries to his horse caused by its coming upon and
   falling through a bridge over a ditch by the side of the track adjacent to the
   land on which the horse was pastured, at a point where the fence was wanting.

APPEAL by the defendant, the Western New York and Pennsylvania Railroad Company, from a judgment of the County Court of Cattaraugus county, entered in the office of the clerk of that county on the 28th day of January, 1893, affirming a judgment of a Justice's Court in favor of the plaintiff.

*Cary, Rumsey & Hastings*, for the appellant.

*M. B. Jewell*, for the respondent.

Dwight, P. J. :

The action was to recover for injuries to the plaintiff's horse caused by his falling through a bridge over the ditch by the side of the defendant's road adjacent to the farm of one Davis. The horse was pastured on the Davis farm and went onto the railroad land at a point where the fence was wanting. The railroad hands had taken the planks off from the bridge for the purpose of repairs, and the horse coming upon it, fell between the stringers. The case is, in principle, precisely like that of *Graham* v. *The President of the D. & H. C. Co.* (46 Hun, 386), in which our brethren in the third department sustained a judgment in favor of a plaintiff who lost his horse by a fall over the edge of a deep cut in which the defendant's track was laid through the plaintiff's field, and which was unprotected by a fence. In that case it was held, in an opinion by Landon, J., that the defendant was guilty of negligence in not performing its statutory duty to fence its track (citing *Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 53), and was liable to any party to whom that obligation was directly and individually due, for any loss or injury resulting from its neglect. (Citing *Thomas* v. *Utica & B. R. R. R.*, 97 N. Y. 245 ; *Leggett* v. *Rome, W. & O. R. R. Co.*, 41 Hun, 80, and *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154, 162.) In this case, the obligation was due to the owner of the Davis farm and to persons deriving from him the right to use his fields for the purpose of pasture. The opinion to which we refer also makes clear the distinction between that case, and equally between this case, and the case of *Knight* v. *The N. Y., L. E. & W. R. R. Co.* (99 N. Y. 25), upon which the defendant here mainly relies. The distinction is that in the case of *Knight* there was no neglect on the part of the defendant of any duty which it owed to the plaintiff. The colt, which was killed by falling through a bridge on the track, was astray on the highway and gained access to the defendant's lands through the lands of another proprietor.

The doctrine of that case was, therefore, not in any manner inconsistent with the judgment in this case. In neither case, it is true, was the damage inflicted in the manner described by the statute, viz., by the agents or engines of the defendant, but in this case it resulted from the neglect of a statutory obligation due to the plaintiff, while in the other case no such obligation existed.

We are disposed to concur in the reasoning and conclusion in the case of *Graham* (*supra*), and, consequently, to affirm the judgment here appealed from.

LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Cattaraugus county appealed from affirmed, with costs.