No. 1,520.

## CRUM *v.* CONOVER ET AL.

RAILROAD.—*Stock Killed.—Private Crossing.—Failure to Maintain Gates.*—Failure of a person to maintain substantial gates across a wagon and driveway where it goes through railroad fences, as required by sections 5320–5322, R. S. 1894, does not make him liable to another person whose cattle are without right in a highway, and pass through such driveway to the railroad track on which they are killed ; neither is the railroad company liable for the killing of such stock. ·

SAME.—*Private Crossing.—Duty of Landowner to Maintain Gates, Owing to Railroad Only.*—The duty of an adjoining landowner to erect and maintain substantial gates in the line of a railroad fence across a private driveway, fixed by sections 5320–5322, R. S. 1894, is one which he owes to the railroad company only.

From the Clark Circuit Court.

*J. K. Marsh* and *Burtt & Taggart*, for appellant.

*Voigt & Stotsenburg*, for Conover.

Ross, C. J.—The appellee Miles T. Conover, sued the appellant Andrew J. Crum, and the appellee the Ohio and Mississippi Railway Company, to recover the value of stock killed on said company's railroad, which had entered on its track through a private way, maintained by appellant, but across which he failed to build and maintain and keep closed gates, pursuant to the provisions of the act approved April 8, 1885. (Sections 5320, 5322, R. S. 1894).

Section 1 of that act (section 5320, *supra*), provides that the owners of tracts of land separated by the right of way of a railroad may, if such right of way was acquired by condemnation and appropriation, construct

and maintain private crossings across such right of way from one of such tracts of land to the other.

Section 2 of the act (section 5321), provides that if the company's right of way is fenced at a point where such owner constructs his crossing, he shall "erect and maintain substantial gates in the line of such fence or fences." And section 3 of the act (section 5322, *supra*), provides that if animals get upon the railroad track through such gates, and are killed or injured by the railroad cars or locomotives, the railroad company shall not be liable therefor.

The first specification of error questions the action of the court in overruling appellant's demurrer to the complaint.

The material allegations of the complaint are, that on the 26th day of August, 1892, and for a long time prior thereto, the appellant Crum was the owner of a tract of land in Clark county, Indiana, which was separated by the right of way of the appellee the Ohio and Mississippi Railway Company, upon which right of way the railroad company operated its railroad, and which right of way was at that time fenced in, and the fences maintained by said company. That during that time appellant Crum had a private "wagon and drive way over and across said right-of-way," "leading from that part of said tract north of said right-of-way to that part thereof lying south of the same, and thence to a public highway." It is then averred that Crum, "during all that time failed and neglected to erect and maintain substantial gates" across such wagon and drive-way in the line of the railroad fences, and left such wagon and drive-way open from the public highway to the track of said railroad ; that on the 26th day of August, 1892, certain cattle, belonging to appellee Conover, which he kept in an " enclosure which was then and there

enclosed by a lawful fence," escaped therefrom "onto said highway" without any fault or negligence on his part, and without his knowledge or consent, and by reason of appellant's negligence in failing to keep such private way fenced, said stock entered from the highway into said private way and from there, without any negligence on appellee Conover's part, went upon the railroad track of the appellee company, and were run upon and over, and killed by its locomotive and cars.

It is clear that the facts alleged in the complaint do not state a cause of action against the appellee the Ohio and Mississippi Railway Company. *Pennsylvania Co.* v. *Spaulding,* 112 Ind. 47 ; *Hunt* v. *Lake Shore, etc., R. W. Co.,* 112 Ind. 69 ; *Louisville, etc., R. W. Co.* v. *Etzler,* 119 Ind. 39.

When the owner of lands intersected by a railroad makes a private crossing over the right of way of such railroad, the law imposes upon him the duty of erecting gates across the same, and of maintaining and keeping such gates closed, section 5321, *supra.* As between each landowner and the railroad company, if he fails in the performance of this duty, and injury results to the property of the railroad company, he is liable therefor. But is he liable to a stranger whose stock wanders upon his land and from thence upon the railroad through the opening he has made, but which he has failed to guard with a gate?

At common law the owner of domestic animals is bound to keep them upon his own premises, and if they break out and enter upon the lands of another, doing injury, he is liable in damages therefor. *Lafayette, etc., R. R. Co.* v. *Shriner,* 6 Ind. 141 ; *Pittsburgh, etc., R. W. Co.* v. *Stuart,* 71 Ind. 500 ; *Atkinson* v. *Mott,* 102 Ind. 431 ; *Klenberg* v. *Russell,* 125 Ind. 531, and cases cited.

· The common law is still in force in this State except that it is provided by the statute that the board of commissioners of counties may, by proper order, permit stock to run at large in their respective counties. Section 2831, R. S. 1894 (section 2637, R. S. 1881).

When the board of commissioners make an order permitting stock to run at large, if stock so running at large enters upon enclosed lands, the burden rests upon the landowner to show that the fence through which the stock entered was such as good husbandmen generally keep.   Section 6551, R. S. 1894 (section 4835, R. S. 1881), *Hinshaw* v. *Gilpin*, 64 Ind. 116.   But when no such order has been made, landowners are not bound to maintain any fences whatever, to turn stock running upon the public highways, whether permitted to run there by the owner or whether they escape from his enclosure to the highway against his will.   He is the one whom the law enjoins.   The duty rests upon him to keep his stock enclosed, and if they escape it is because he failed to do his duty.   To allege that they escaped without his fault or negligence cannot avail him, for the law says that if his stock escapes he will be answerable for any damage done by them.   If they escape and go upon the lands of another they are trespassers, whether he used care and diligence to keep them on his own lands by a proper enclosure or not.   *Atkinson* v. *Mott, supra,* page 433.

The complaint did not state a cause of action against the appellant.

Judgment reversed as to appellant Crum, with instructions to sustain his demurrer to the complaint.

The judgment in favor of the appellee, the Ohio and Mississippi Railroad Company, is affirmed against the appellee Miles T. Conover, on his cross errors.

All costs taxed against appellee Conover.

Filed April 30, 1895.

### ON PETITION FOR REHEARING.

DAVIS, J.—We assume that the appellee was not guilty of contributory negligence. *Childers* v. *Louisville, etc., R. W. Co.*, 12 Ind. App. 686 (41 N. E. Rep. 21, 22.) We also assume that, as between the appellant and the railroad company, it was the duty of the appellant to erect and maintain the gates at private crossings. Sections 5320, 5321, 5322, R. S. 1894.

Is the appellant guilty of actionable negligence because of his failure to erect and maintain substantial gates in the line of the railroad fence across said driveway? Negligence only arises from a breach of duty. The duty to fence was enjoined on the railroad company by the act of 1885. The private crossing was a right given to the adjacent landowner, and the duty to maintain the gate was imposed upon him. The company owed no duty to grant the private crossing to any one except the owner of land separated by the right of way, and the landowner owed no duty to maintain the gate under that statute to any one except to the railroad company. *Childers* v. *Louisville, etc., R. W. Co., supra; Louisville, etc., R. W. Co.* v. *Thomas,* 1 Ind. App. 131.

In our opinion the appellant owed the appellee no duty to maintain the gate at the crossing, and therefore the court erred in overruling his demurrer to the complaint.

The petition for a rehearing is overruled.

GAVIN, C. J., and LOTZ, J., for the reasons given in *Childers* v. *Louisville, etc., R. W. Co., supra,* dissent.

Filed January 29, 1896.