Campbell v. Indianapolis, etc., Traction Co.—39 Ind. App. 66.

CAMPBELL, BY NEXT FRIEND, v. INDIANAPOLIS AND
NORTHWESTERN TRACTION COMPANY.

[No. 5,651. Filed November 13, 1906.]

1. INTERURBAN RAILROADS.—*Rights of Way.—Fences.*—Under §5479d Burns 1905, Acts 1903, p. 426, §1, interurban railroad companies are required to fence their rights of way so as to exclude from their premises cattle, horses and other stock. p. 69.

2. STATUTES.—*Fences.—Railroads.—Interurban Railroads.*—The statutes, §5323 Burns 1901, Acts 1885, p. 224, §1, requiring railroad companies to fence their rights of way, and §5479d Burns 1905, Acts 1903, p. 426, §1, must be construed *in pari materia*, the same construction governing each. p. 70.

3. ANIMALS.—*Duty of Owner to Keep on Premises.—Common Law.*—At the common law it is the duty of the owners of domestic animals to keep them on their own premises. p. 71.

4. INTERURBAN RAILROADS. — *Fences. — Injuries to Stock.—Liability.*—Under §5479d Burns 1905, Acts 1903, p. 426, §1, interurban railroad companies are liable for negligently injuring or killing stock which, by reason of such companies' failure to maintain a sufficient fence, have strayed upon their tracks. p. 71.

5. SAME.—*Fences.—Injuries to Stock.—Negligence.*—The mere fact that an interurban railroad company failed to provide a sufficient fence to turn a horse, injured on its right of way, is not sufficient to render it liable for an injury thereto, but negligence in the injuring of such horse after going on such way must be alleged and proved. p. 71.

6. PLEADING. — *Complaint. — Negligence.—Questions of Fact.*— Where the facts shown in a complaint for the killing of stock by an interurban railroad company do not constitute negligence *per se*, but the allegation is that such acts were negligently done, the question of negligence is one of ultimate fact. p. 72.

7. SAME.—*Complaint.—Interurban Railroads.—Injuring Stock.—Contact.*—A complaint showing that defendant interurban railroad company failed to fence its right of way; that plaintiff's horse strayed upon its track; that defendant, by its car, frightened the horse and chased it into a bridge whereby it was injured, is sufficient, without alleging that the car struck

such horse. *Jeffersonville, etc., R. Co.* v. *Dunlap*, 112 Ind. 93, and *Childers* v. *Louisville, etc., R. Co.*, 12 Ind. App. 686, distinguished. p. 72.

8. APPEAL.—*Prior Decisions.—How Construed.*—General expressions in a decision on appeal must be considered as made with reference to the facts and theory of the particular case. p. 73.

9. PLEADING.—*Complaint.—Injuries to Stock.—Interurban Railroads.—Negligence.*—A complaint against an interurban railroad company for the negligent injury of stock must allege an excuse for failing to confine such stock on plaintiff's land. p. 73.

10. SAME. — *Complaint. — Master and Servant. — Negligence. — Acts of Servants.—How Alleged.*—A complaint showing that an interurban railroad company's servants negligently committed certain acts resulting in injuries to plaintiff's horse, is insufficient, since such acts are not shown to have been done while in the line of duty. p. 73.

11. INTERURBAN RAILROADS. — *Injuries to Stock. — Contact. — Negligence.*—Railroad companies are liable under §5312 Burns 1901, §4025 R. S. 1881, for injuring stock only when such stock is injured by contact with their cars or locomotives. p. 74.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by Wilber Campbell, by his next friend Robert M. Campbell, against the Indianapolis and Northwestern Traction Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Dutch & Loughrun,* for appellant.

*Pierre Gray,* for appellee.

MYERS, J.—By this action appellant sought to recover from appellee the value of a horse injured by falling into a bridge on the line of appellant's railroad.

The complaint, as amended, consisted of four paragraphs. The first and third proceed upon the theory of negligence; the second, under the statute (§5312 Burns 1901, §4025 R. S. 1881); the fourth, an intentional and wilful injury. The demurrer for want of facts was sustained to the first and third paragraphs, and overruled as to the second and fourth. Answer in denial. Trial by

jury. Peremptory instruction directing the jury to find for appellee upon the issue tendered by the second paragraph. As to the fourth, verdict for appellee. Judgment that plaintiff take nothing by his action. Appellant's motion for a new trial filed and overruled.

The errors assigned call in review the rulings of the court in sustaining the separate demurrer to the first and third paragraphs of the amended complaint, and in overruling appellant's motion for a new trial.

(1) From a fairly full statement of the first paragraph it appears that on October 14, 1904, appellee, a corporation, was the owner, and was then, and for more than a year prior thereto had been, engaged in operating an interurban railroad, by running cars carrying passengers and express between the cities of Indianapolis and Lafayette, Indiana, and through Boone county, in said State, using electricity for motive power by overhead trolley system; that it carelessly and negligently failed to construct a suitable and sufficient fence to turn horses along its right of way at a point in said Boone county, where it could have built a fence, and should have done so; that at the point where appellee had so neglected to fence its right of way, and without fault of appellant, appellant's horse strayed upon appellee's said right of way and track; that about one and one-quarter miles north of the place where appellant's horse entered appellee's said right of way and upon its tracks appellee had constructed a bridge thirty feet in length, ten feet wide and ten feet from the top to the water below, over what is known as Fenton's ditch, also an approach to said bridge two hundred feet long, ten feet high, and with steep banks on either side, and which was then used by appellee as a roadbed; that said bridge was unfit and dangerous for animals to pass over, as appellee's servants then engaged in operating a north-bound car of appellee at the time of the injury complained of well knew; that appellee by such

MAY TERM, 1906. 69

Campbell *v.* Indianapolis, etc., Traction Co.—39 Ind. App. 66.

servants, while operating said car, did then and there with said car chase said horse, and did by sounding the whistle of appellee's said car "greatly frighten plaintiff's horse, which ran north on said right of way and railroad of defendant; that defendant's servants carelessly and negligently failed to stop said car, which they could easily have . done many times during the time they were chasing plaintiff's said horse with said car until said horse was run upon said bridge of defendant," at the time knowing said horse, on account of the fences on either side of the right of way, could not escape therefrom, and knowing that when it entered upon the approach of said bridge it would not likely, on account of the steep banks, leave the same, but continued carelessly and negligently to chase and frighten said horse while on said approach to said bridge, "and that by reason of said motorman and conductor's negligently and carelessly failing to stop said car, which they could easily have done, and by reason of the negligent conduct in chasing said horse and greatly frightening the same, thereby caused said horse to run into said bridge, in which said horse then and there became entangled," and thereby injured, and whereby it became worthless, without the fault of appellant, and to his damage in the sum of $125.

The leading averments of this paragraph clearly indicate the pleader's intention to rest his cause of action upon the theory of negligence. The complaint avers that appellee negligently failed to construct a "sufficient and suitable fence" at a point along its road where it was its duty so to do, and that appellant's horse went upon its right of way and track at that point.

These averments of facts are important when considered in connection with the other acts of negligence charged. They show a failure by appellee to perform a duty 1. enjoined by statute (§5479d Burns 1905, Acts 1903, p. 426, §1), the effect of which has a direct

bearing upon the rights and liabilities of the parties to this action. By the act of 1903, *supra,* it is made the duty of appellee to construct and maintain a fence "sufficient and suitable to turn and prevent cattle, horses,   *  *  *  or other stock from getting on such road, except at crossings of public roads," etc. Applying this provision to the question now before us, it required appellee, by a sufficient and suitable fence, to exclude from its premises cattle, horses or other stock. *Smith* v. *Chicago, etc., R. Co.* (1872), 34 Iowa 506.

It will be observed that §5479d, *supra,* is practically a copy of §5323 Burns 1901, Acts 1885, p. 224, §1, except that the former is made to apply to interurban railroads using electricity for motive power, but each deals with the same subject, "fencing roads," etc., and has the same provision (§4) with reference to "injury to animals." It is therefore argued, in effect, that the same judicial construction should be given the act of 1903, *supra,* as that accorded the act of 1885, *supra.* After a careful consideration of both acts we are of the opinion that the judicial interpretation applied to the one is equally applicable to the other. *Board, etc.,* v. *Conner* (1900), 155 Ind. 484. Our conclusion on this point is also sustained by a familiar rule of statutory construction adopted by the courts, that legislative enactments *in pari materia* may. be considered together in determining the legislative intention, when relating to the same subject or to the same class of persons or things. *Indianapolis, etc., Traction Co.* v. *Ramer* (1906), 37 Ind. App. 264. Yet this conclusion, when applied to the facts in the paragraph of complaint now under consideration, settles but one proposition, namely, that, at the time of the alleged injury, the act of 1903, *supra,* imposed upon appellee the positive duty of fencing its tracks.

Appellee contends, and it is true, that the common law in force in this State requires the owner of domestic animals

to keep them upon his own premises, except as modified by §2831 Burns 1901, §2637 R. S. 1881.

See *Klenberg* v. *Russell* (1890), 125 Ind. 531; *Crum* v. *Conover* (1896), 14 Ind. App. 264; *Ft. Wayne, etc., R. Co.* v. *O'Keefe* (1892), 4 Ind. App. 249. It is also true that, by force of the statutes we have been considering, the common law is further modified in relation to railroads, effective to make them liable for injuries to stock negligently inflicted, where without such statutes they would be liable only for injuries wantonly and wilfully inflicted. 3 Elliott, Railroads, §1180. Or in other words, the effect of our conclusion upon the statutory provision here involved, under the theory of this paragraph, is such that appellant's horse cannot be treated as unlawfully upon appellee's track, so as to relieve appellee from the exercise of that care, caution, and diligence which a prudent person would employ to avoid injuring property of others thus exposed to danger. *New Orleans, etc., R. Co.* v. *Bourgeois* (1888), 66 Miss. 3, 5 South. 629, 14 Am. St. 534.; *Newman* v. *Vicksburg, etc., R. Co.* (1886), 64 Miss. 115, 8 South. 172; *French* v. *Western, etc., R. Co.* (1893), 72 Hun 469, 25 N. Y. Supp. 229; *Little Rock, etc., R. Co.* v. *Trotter* (1881), 37 Ark. 593; *Kerwhaker* v. *Cleveland, etc., R. Co.* (1854), 3 Ohio St. 172, 62 Am. Dec. 246.

Under this paragraph, the failure of appellee to fence its track is not alone sufficient to create liability, as would be the case if this were an action under the statute, since, in the latter case, it is unnecessary to aver or prove that the injury was inflicted negligently. For, as said by this court in *Chicago, etc., R. Co.* v. *Fenn* (1892), 3 Ind. App. 250, 255: "Such statutory liability is in the nature of a police penalty, and was designed to promote the public safety." See, also, *Grand Rapids, etc., R. Co.* v. *Jones* (1882), 81 Ind. 523; *Jeffersonville, etc., R. Co.* v. *Ross* (1871), 37 Ind. 545; *Jefferson-*

*ville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426; *Childers* v. *Louisville, etc., R. Co.* (1895), 12 Ind. App. 686. While in the case at bar, the plaintiff must also aver and prove the negligent doing of an act by the company, other than its failure to fence, but for which, and without his fault, the injury would not have happened. *Southern Ind. R. Co.* v. *Messick* (1905), 35 Ind. App. 676; *Princeton Coal, etc., Co.* v. *Roll* (1904), 162 Ind. 115; *Duffy* v. *Gleason* (1901), 26 Ind. App. 180.

The pleaded facts charge appellee with the commission of acts not *per se* negligent. It is the manner of their doing and the circumstances under which they are done which make them wrongful, and therefore actionable. Thus, by this pleading, the foundation question is made one of fact, dependent on whether appellee's servants in the prosecution of its business exercised that degree of care, skill and prudence which an ordinarily careful and prudent person would use, under all the circumstances, to avoid the injury and protect the property of appellant. *Indianapolis Union R. Co.* v. *Boettcher* (1892), 131 Ind. 82; *Rodgers* v. *Baltimore, etc., R. Co.* (1898), 150 Ind. 397; *Cincinnati, etc., R. Co.* v. *Gaines* (1886), 104 Ind. 526, 54 Am. St. 334; *Yazoo, etc., R. Co.* v. *Brumfield* (1887), 64 Miss. 637, 641, 1 South. 905; *Citizens St. R. Co.* v. *Shepherd* (1902), 30 Ind. App. 193, 198; *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467. By reference to the pleading in question it will be seen that it characterizes various acts of appellee as having been carelessly and negligently done, the negligent doing of which, without his fault, resulted in the injury charged.

The pleading is challenged on the ground that it does not show an actual touching of the horse with the car. Citing *Jeffersonville, etc., R. Co.* v. *Dunlap* (1887), 112 Ind. 93; *Childers* v. *Louisville, etc., R. Co., supra.*

At the very outset of the opinion in *Jeffersonville, etc., R. Co.* v. *Dunlap* (1887), 112 Ind. 93, it is said that "negligence is not charged." The only claim of liability is "under the statutes in relation to fencing railway tracks by railway companies." The real question before the court in that case was whether the act of 1885, *supra,* repealed the act of 1863 (Acts 1863, p. 25), which provided compensation to owners of animals injured or killed by cars. In the case of *Childers* v. *Louisville, etc., R. Co., supra,* the theory of recovery was placed upon the company's neglect to fence. In these cases there can be no doubt as to the questions before the court then being investigated, and any general expressions in either of the opinions must be regarded as made with reference to the facts and theory of the particular case. *Lake Shore, etc., R. Co.* v. *Wilson* (1894), 11 Ind. App. 488, 493.

The question here, as we have said, is based upon appellee's negligence, and not upon a statutory liability. With this view of the pleading, we are not persuaded that the cases cited by appellee, based upon a different state of facts and a different theory, should control. The paragraph is sufficient to require an answer.

(2) The amended third paragraph of complaint is bad for the reason that it fails to aver any excuse for not confining the horse on appellant's own land, as required by the common law in force in this State. *Pennsylvania Co.* v. *Mitchell* (1890), 124 Ind. 473; *Ft. Wayne, etc., R. Co.* v. *Herbold* (1884), 99 Ind. 91; *Atkinson* v. *Mott* (1885), 102 Ind. 431; *Klenberg* v. *Russell, supra; Chicago, etc., R. Co.* v. *Brannegan* (1892), 5 Ind. App. 540; *Childers* v. *Louisville, etc., R. Co., supra; Crum* v. *Conover, supra.*

(3) Appellant by his motion for a new trial questions the peremptory instruction given by the court to the jury to find for appellee on the issue presented by his amended second paragraph of complaint. The only act of negligence charged against appellee in this

paragraph is a neglect to construct a sufficient fence at the point where the horse entered upon appellee's track. Other averments of negligence are found in the pleading, but they have reference to acts of appellee's servants. There is no averment that such wrongful acts were committed by its servants while acting in the line of their employment or under the direction of appellee, and the complaint is therefore insufficient to charge the master with such wrongful acts. *Pittsburgh, etc., R. Co.* v. *Adams* (1900), 25 Ind. App. 164, 171; *Wabash R. Co.* v. *Linton* (1901), 26 Ind. App. 596; *Cincinnati, etc., R. Co.* v. *Voght* (1901), 26 Ind. App. 665; *Harrell* v. *Cleveland, etc., R. Co.* (1901), 27 Ind. App. 29.

Upon the theory that the paragraph is sufficient, as a statutory action, it was incumbent upon appellant to introduce evidence, at least tending to prove that the injury complained of was caused by an actual striking of the horse with the car. The establishment of this fact was necessary in order for appellant to recover under this paragraph. There is no claim of an actual touching of the horse with the car. Therefore, the court did not err in giving the instruction. *Jeffersonville, etc., R. Co.* v. *Downey* (1878), 61 Ind. 287; *Childers* v. *Louisville, etc., R. Co., supra.*

Other reasons are assigned in support of the motion for a new trial, but it is unnecessary further to extend this opinion in order to consider them.

Judgment reversed, with instructions to the trial court to overrule appellee's demurrer to the first paragraph of complaint.