PATTON *v.* COOPER, ADMINISTRATOR.

[No. 9,521. Filed March 21, 1918. Rehearing denied May 28, 1918.]

1. APPEAL.—*Review.*—*Witnesses.*—*Credibility.* — *Jury Question.* — The credibility of witnesses and the weight to be given their testimony are questions for the jury, and not for the court on appeal. p. 666.

2. APPEAL.—*Evidence.*—*Weight.*—*Jury Question.*—The court on appeal will not weigh conflicting evidence, the question being for the jury to determine. p. 667.

3. EXECUTORS AND ADMINISTRATORS. — *Action.* — *Evidence.* — *Sufficiency.*—*Review.*—Where a claim was filed against a decedent's estate on the theory that the decedent received and held a certain sum of money in trust which, after the payment of the donor's funeral expenses, was to be paid to the claimant, there could be no recovery under evidence showing only the receipt of the money by the decedent and the payment of the funeral expenses, without establishing the amount of such expenses, since a

verdict, in the absence of such evidence, could be returned only by conjecture as to the amount of the deduction for such expenses, and this the jury is not permitted to do.  p. 667.

From Washington Circuit Court; *Emmet C. Mitchell,* Special Judge.

Action by Felix Cooper against Charles S. Patton, administrator of the estate of Lemuel Cooper. From a judgment for the plaintiff, the defendant appeals. *Reversed.*

*Wilber W. Hottel* and *Arthur McCart,* for appellant.

*Asa Elliott* and *Frank S. Houston,* for appellee.

IBACH, C. J.—On February 18, 1913, appellee filed against the estate of Lemuel Cooper, deceased, the following claim:

"Estate of Lemuel Cooper Deceased.

In account with Felix Cooper, Dr.

May 17, 1902.

To $1500.00 held in trust by said decedent received from Marion Cooper, for the use and benefit of claimant                    $1500.00

Interest on same                    950.00

———

$2400.00

(Here follows verification as required by statute.)"

The claim was transferred to the issue docket, where upon the issues joined by statute the cause was tried by jury, and a verdict was returned in favor of appellee for $650.

Appellant has assigned as error the overruling of his motion for a new trial, and particularly relies on

the ground thereof that the verdict of the jury is contrary to law.

Appellant contends in effect that there is no evidence which would warrant the amount of the verdict returned by the jury; that according to appellee's theory a specific amount of money was left with decedent, out of which he was to first pay the donor's funeral expenses and the balance was then to be turned over to appellee; and that there is no evidence whatever as to what the amount of the funeral expenses were.

Without setting out the evidence in detail, we find that the uncontradicted evidence shows that, whatever was to be done with the money, if any, left with decedent by Marion Cooper, the donor's funeral expenses were to be first paid out of it. Marion Cooper and the decedent were full brothers, and appellee was a half-brother. Marion Cooper died on May 17, 1902, and decedent died on December 29, 1912. A brother of appellee testified that he was at the home of decedent, Lemuel Cooper, shortly before the death of Marion Cooper, and there in the presence of said witness and one James Fiancher saw Marion Cooper give his brother Lemuel the sum of $1,600, $1,100 of which was in gold and $500 in paper, and heard him request Lemuel to pay his funeral expenses and give the remainder of said money to appellee. This testimony was corroborated by other witnesses.

A great deal of impeaching evidence was introduced, but with that we are not concerned as the credibility of the witnesses and the weight to be given their testimony were questions for the jury. Neither will this court weigh con-

flicting evidence, for that likewise was a question for the jury. *Barr* v. *Sumner* (1915), 183 Ind. 402, 107 N. E. 675, 109 N. E. 193.

It must be apparent, however, from the facts stated that, before a court or jury could determine how much was due appellee according to his own theory of the trust, there must be some evidence as to the amount of the funeral expenses. There is evidence that they were paid by decedent, but none from which any amount could be inferred. The jury, in determining their verdict, could reach the amount returned only by conjecture as to what deductions should be made for such expenses. This they were not permitted to do. *Johnson* v. *Brady* (1915), 60 Ind. App. 556, 109 N. E. 230; *Pittsburgh, etc., R. Co.* v. *Vance* (1914), 58 Ind. App. 1, 108 N. E. 158. The verdict is therefore contrary to law, and appellant's motion for a new trial upon such ground should have been sustained.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

Hottel, J., not participating.

NOTE.—Reported in 119 N. E. 31.